1  Ira Spiro (State Bar No. 67641)
   ira@spiromoss.com
2  H. Scott Leviant (State Bar No. 200834)
   scott@spiromoss.com
3  Linh Hua (State Bar No. 247419)
   linh@spiromoss.com
4  **SPIRO MOSS LLP**
   11377 W. Olympic Blvd., 5th Floor
5  Los Angeles, California 90064-1683
   Telephone: (310) 235-2468
6  Facsimile: (310) 235-2456

7  Attorneys for Plaintiffs

8  Daryl S. Landy (State Bar No. 136288)
   dlandy@morganlewis.com
9  Theresa Mak (State Bar No. 211435)
   tmak@morganlewis.com
10 **MORGAN LEWIS & BOCKIUS LLP**
   2 Palo Alto Square
11 3000 El Camino Real, Suite 700
   Palo Alto, CA 94306
12 Telephone: (650) 843-4000
   Facsimile: (650) 843-4001
13
   Attorneys for Defendant
14

15              UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17

| 18 | SHAWN BLOUIN, individually, and on behalf of all others similarly situated, | Case No.: 3:08-CV-04787-MEJ |
|---|---|---|
| 19 | | |
| 20 | Plaintiffs, | **STIPULATION AND [PROPOSED] ORDER TO FILE FIRST AMENDED COMPLAINT** |
| 21 | vs. | |
| 22 | COMCAST CORP., | |
| 23 | Defendant. | Date Action Filed: September 17, 2008<br>Date Removed: October 17, 2008<br>Trial Date: None |

SPIRO MOSS LLP

Page 1
**STIPULATION AND ORDER TO FILE FIRST AMENDED COMPLAINT**

**STIPULATION**

This Stipulation is entered into by and between Plaintiff Shawn Blouin ("Plaintiff") and Defendant Comcast Corp. ("Defendant"), based upon the following facts:

1.  On September 17, 2008, Plaintiff filed a Class Action Complaint in Alameda County Superior Court (case no. RG0410127).

2.  On October 15, 2008, Defendant filed an Answer to the Complaint.

3.  On October 17, 2008, Defendant removed this action to the United States District Court for the Northern District of California.

4.  On January 16, 2009, the Court issued a Case Management Order, setting a 12-day trial to commence on May 3, 2010.

5.  On June 29, 2009, after the parties engaged in extensive fact discovery and scheduled a private mediation, to promote settlement and avoid prejudice to the parties, the Court revised the case management schedule and continued the trial to July 26, 2010.

6.  On September 24, 2009, after the parties informed the Court that the mediation was rescheduled to December 16, 2009 to permit additional time for discovery and data collection, good cause appearing, the Court ordered a modification to the case management schedule and continued the trial to September 20, 2010. The mediation did not result in a settlement.

7.  On March 1, 2010, the parties advised the Court that they would participate in a second private mediation on June 8, 2010. Good cause appearing, the Court vacated all deadlines and ordered the parties to submit revised deadlines within 10 days after the mediation.

8.  On June 8, 2010, after engaging in further discovery and conducting the depositions of Plaintiff and other fact witnesses, the parties engaged in a second private mediation session. On June 21, 2010, a mediator's proposal was

accepted by both parties. On June 25, 2010, the parties filed a Notice of Settlement.

9. The proposed First Amended Complaint seeks to add claims for additional relief under the California Labor Code Private Attorneys General Act, California Labor Code sections 2698 *et seq.*, and the Fair Labor Standards Act, 29 U.S.C. sections 201 *et seq*. These additional claims are based on the same underlying facts as those alleged in the initial complaint. The proposed First Amended Complaint is attached as Exhibit A.

10. The parties have not previously sought leave to amend the pleadings.

Based on the foregoing, the parties stipulate as follows:

1. Plaintiff may file the proposed First Amended Complaint attached as Exhibit A;

2. Plaintiff's First Amended Complaint will be deemed filed and served on the date of entry of the Court Order granting leave to file the First Amended Complaint; and

3.      Defendant's Answer to the original Complaint shall be deemed its Answer to the First Amended Complaint.

IT IS SO STIPULATED.

Respectfully submitted,

Dated: January 21, 2011    SPIRO MOSS LLP

By: _____
Ira Spiro
H. Scott Leviant
Linh Hua

Attorneys for Plaintiffs

Dated: January 20, 2011    MORGAN LEWIS & BOCKIUS LLP

By: _____
Daryl S. Landy
Theresa Mak

Attorneys for Defendant

## ORDER

The parties in the above-captioned case entered into a Stipulation to File First Amended Complaint. After considering the Stipulation, the facts upon which the Stipulation is based, and good cause appearing, it is hereby ORDERED:

1.      Plaintiff is granted leave to file the proposed First Amended Complaint attached as Exhibit A to the Stipulation;

1    2.   Plaintiff's First Amended Complaint is deemed filed and served on
2    the date of entry of this Order; and
3    3.   Defendant's Answer to the original Complaint is deemed its Answer
4    to the First Amended Complaint.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: January 25, 2011

Hon. Maria-Elena James
CHIEF MAGISTRATE
UNITED STATES DISTRICT
COURT JUDGE

DB2/22031288.2

# EXHIBIT A

1  Ira Spiro - State Bar No. 67641
   ira@spiromoss.com
2  **SPIRO MOSS LLP**
   11377 W. Olympic Blvd., 5th Floor
3  Los Angeles, California 90064-1683
   Telephone: (310) 235-2468
4  Facsimile:  (310) 235-2456

5  Attorneys for Plaintiff

7  UNITED STATES DISTRICT COURT

8  NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN BLOUIN, individually and on behalf of other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COMCAST CORPORATION, and DOES 1 through 50,<br><br>Defendants. | Case No.: 3:08-CV-04787-MEJ<br><br>CLASS ACTION<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND RESTITUTION**<br><br>1. Failure to Pay Overtime and Minimum Wages, Labor Code § 1194<br><br>2. Unfair Competition in Violation of Business and Prof. Code §§17200 et seq.<br><br>3. Failure to Furnish Itemized Wage Statements, in Violation of Labor Code § 226<br><br>4. Penalties Pursuant to Cal. Lab. Code §§ 2698, et seq.<br><br>5. Failure to Pay Wages, Fair Labor Standards Act, 29 U.S.C. § 216<br><br>**DEMAND FOR JURY TRIAL** |

SPIRO MOSS LLP

Page 1
**FIRST AMENDED COMPLAINT**

# INTRODUCTION

1. This is a class action on behalf of current and former call center employees of defendant COMCAST CORPORATION to redress various systematic violations of California wage laws, including: (a) an obviously illegal policy of not paying the employees at all for the time they spend logging into their computers before clocking in and for logging out after clocking out; and (b) an equally obviously illegal policy of rounding recorded work time to the nearest quarter of an hour.

# THE PARTIES

## Plaintiff

2. Plaintiff SHAWN BLOUIN was employed by Defendants as an hourly employee at their call center in Livermore, Alameda County, California, until July 7, 2008. His duties included speaking with customers by telephone and using a computer in connection with the telephone calls.

## Defendants

3. Defendant COMCAST CORPORATION ("COMCAST" or "Defendant") is a corporation. At all times pertinent to this action, Defendant COMCAST and Does 1 through 50 owned and operated approximately three call centers in California, including the one in Livermore, Alameda County, and employed hourly employees at all three call centers whose duties included speaking with customers by telephone and using a computer in connection with the telephone calls.

# JURISDICTION AND VENUE

4. Plaintiff is informed and believes and thereon alleges that at all times relevant to this action, the named defendant COMCAST, and defendants DOES 1 through 50 were affiliated and were an integrated enterprise. Defendant COMCAST, and DOES 1 through 50 are referred to herein as "Defendants." This

**FIRST AMENDED COMPLAINT**

Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 (CAFA), codified at 28 U.S.C. §§ 1332(d), 1453, and 1711-1715.  Defendant COMCAST therefore removed this action from Alameda County Superior Court of California, pursuant to CAFA.

5. Plaintiff is unaware of the true names of defendants Does 1 through 50.  Said defendants are sued by said fictitious names. The pleadings will be amended as necessary to obtain relief against defendants Does 1 through 50 when the true names and capacities are ascertained or when such facts pertaining to their liability are ascertained, or as permitted by law or by the Court.  Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a), because the County in which the removed action was originally brought is within this District.  A substantial part of the events or omissions giving rise to the claims stated herein arose within this District, and a substantial number of the members of the class alleged herein work or worked for Defendants in facilities and operations maintained by Defendants within this District.

6. Plaintiff is informed and believes and thereon alleges that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and the other employees described in the class definition below, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiff is informed and believes and thereon alleges that each Defendant

acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

7. The allegations in this pleading are made without any admission that, as to any particular allegation, plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

## CLASS ACTION ALLEGATIONS

8. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf himself and the following class:

> All persons employed as hourly-paid employees by any Defendant in any call center in California at any time during the period beginning four years before the filing of the initial complaint in this action, whose duties during that period of time included speaking with customers by telephone, using a computer in connection with the telephone calls.

9. This action should be maintained as a class action because there is a well-defined community of interest among many persons who comprise a readily ascertainable class.

10. Numerosity: The class members are so numerous that the individual joinder of all of them as plaintiffs is impractical. While the exact number of class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are more than 100 class members.

11. Common Questions Predominate: Common questions of law and fact applicable classwide predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

a. What were Defendants' policies and practices for recording time worked by the class members?

b. Did Defendants have or implement a policy or practice whereby class members were required to round their time up or down to the nearest quarter hour?

c. What were Defendants' policies and practices for logging into and out of their computers and computer programs?

d. Did Defendants have or implement a policy or practice requiring class members to work at logging into their computers and/or computer programs before they clocked in for payroll purposes?

e. Did Defendants have or implement a policy or practice requiring class members to work at logging out of their computers and/or computer programs after they clocked out for payroll purposes?

f. Did Defendants have or implement a policy or practice whereby class members were not paid at all for the work of logging into and out of their computers and/or computer programs before clocking in and after clocking out?

g. Did Defendants have or implement a policy or practice whereby Defendants failed to pay the class members for all time worked?

h. Did Defendants have or implement a policy or practice of failing to pay class members all wages due within the required time upon the end of their employment by Defendants?

i. Are Defendants liable to the class members for the amounts provided for in Labor Code Section 1194?

j. Are Defendants liable to the class members for the amounts provided for in Labor Code Section 1194.2?

k. Are Defendants liable to the class members for the amounts provided for in Labor Code Section 203?

l. Did Defendants violate the Unfair Competition Law, Business and Professions Code sections 17200, *et seq.*, by their unlawful practices as alleged herein?

m. Are Defendants liable to the class members for restitution under Business and Professions Code Section 17203?

n. Did Defendants have or implement a policy or practice whereby they intentionally failed to furnish to the class members, upon each payment of wages, itemized statements <u>accurately</u> showing gross wages earned, total hours worked, the applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate?

o. Are Defendants liable to the class members for the amounts under Labor Code Section 226(e)?

p. Are Defendants liable for penalties under Labor Code sections 2698, *et seq.*?

q. Are Defendants liable for unpaid overtime wages under the Fair Labor Standards Act (FLSA)?

12. Plaintiff is a member of the class. His claims are typical of the claims of the other class members.

13. Plaintiff will adequately and fairly protect the interests of the class members. Plaintiff has no interest adverse to the interests of the other class members. Plaintiff is represented by attorneys who have very substantial experience in class actions and employment law.

14. A class action is superior to other available means for fair and efficient adjudication of the claims of the classes, and would be beneficial for the parties and the Court. Class action treatment will allow a large number of

similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  The monetary amounts due to many individual class members are likely to be relatively small in the sense of class action jurisprudence, and the burden and expense of individual litigation would make it difficult or impossible for individual class members to seek and obtain relief.  A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them.  Class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.  There are no difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## **FIRST CAUSE OF ACTION**
## **FAILURE TO PAY WAGES, MINIMUM AND OVERTIME**
### **(California Labor Code Section 1194)**

15. Plaintiff incorporates paragraphs 1 through 14 above.

16. At all times pertinent to this action, Defendants had and implemented a policy or practice, whereby they required Plaintiff and the other class members to work at logging into their computers and/or computer programs before they clocked in for payroll purposes.

17. At all times pertinent to this action, Defendants had and implemented a policy or practice, whereby they required Plaintiff and the other class members to work at logging out of their computers and/or computer programs after they clocked out for payroll purposes.

18. Consequently, at all times pertinent to this action, Defendants had and implemented a policy or practice, whereby Plaintiff and the other class

members were not paid at all for the work of logging into and out of their computers and/or computer programs before clocking in and after clocking out, and thus were not paid for all work.

19. At all times pertinent to this action, Defendants had and implemented a policy or practice, whereby Plaintiff and the other class members were required to round their recorded time to the nearest quarter of an hour, and thus Defendants did not pay them for all work.

20. Some of the work for which Plaintiff and the class members were not paid was overtime work, *i.e.*, work in excess of 8 hours in a day or 40 hours in a week.

21. Plaintiff and many of the other class members quit or were discharged from their employment within the statute of limitations period applicable to this cause of action, and others will be. However, Defendants failed, and continue to fail, to pay said employees, without abatement, all wages (as defined by applicable California law) within the time required by California law after quitting or discharge. Defendants still have not paid all said wages. Among other things, these employees were never paid for the work of logging into and out of their computers and/or computer programs before clocking in and after clocking out, or time worked that was rounded down to the nearest quarter of an hour.

22. Defendants' failure to pay all wages after quitting or discharge was willful within the meaning of Labor Code section 203. Defendants had the ability to make the required payments within the required times.

23. As further relief for Defendants' failure to pay all wages due upon the end of employment as alleged above, Plaintiff and other class members are entitled, pursuant to Labor Code section 203, to an additional 30 days of pay at their last regular rates of compensation.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION
### (California Business & Professions Code §§ 17200, *et. seq.*)

24. Plaintiff incorporates all paragraphs above.

25. The conduct of Defendants alleged above is in violation of California Labor Code sections 1194, 201, 202, in violation of the applicable Wage Order of the Industrial Welfare Commission, which has statutory status, and in violation of other law. For that and other reasons, said conduct of Defendants constitutes unlawful and unfair business practices, and therefore unfair competition within the meaning of California Business and Professions Code sections 17200 *et seq.*

26. As a result of Defendants unfair competition as alleged herein, Plaintiff and the other class members suffered injury in fact and lost money and property. Plaintiff and members of all the classes have not been paid the money owed to them as alleged above, and Defendants have retained the money.

27. Pursuant to Business and Professions Code Section 17203, Plaintiff and the other class members are entitled to restitution of all said money, and interest thereon, that Defendants failed to pay them and wrongfully retained.

## THIRD CAUSE OF ACTION
## FAILURE TO FURNISH ITEMIZED WAGE STATEMENTS
### (California Labor Code § 226)

28. Plaintiff incorporates paragraphs above 1 through 27 above.

29. Throughout the period applicable to this cause of action. Defendants intentionally failed to furnish, and continue to fail to furnish, to Plaintiff and the other class members, upon each payment of wages, itemized statements accurately showing gross wages earned, total hours worked, the applicable hourly rates in

effect during the pay period, and the corresponding number of hours worked at each hourly rate. In particular, no itemized wage statements were provided that included the unpaid time spent logging into or off the computers and computer programs while not on the payroll, or the unpaid time spent when rounding down recorded time to the nearest quarter hour.

30. Plaintiff and the other class members were damaged by these failures because, among other things, the failures led them to believe that they were not entitled to be paid for all the time they worked or were required to work, including the logging time and rounding referred to above. Plaintiff and the other class members were also damaged because these erroneous wage statements hindered them from determining the amounts of wages owed to them.

31. Plaintiff and the other class members are entitled to the amounts provided for in Labor Code section 226(e).

## FOURTH CAUSE OF ACTION
## LABOR CODE ATTORNEYS GENERAL ACT OF 2004
### (California Labor Code §§ 2698, *et seq.*)

32. Plaintiff incorporates paragraphs above 1 through 31 above.

33. Throughout the period applicable to this cause of action, Defendants intentionally failed to pay all minimum and overtime wages, failed to provide accurate wage statements, and violated California's unfair competition laws and applicable Wage Order of the Industrial Welfare Commission.

34. California Labor Code §§ 2698-2699, the Labor Code Private Attorneys General Act of 2004 ("PAGA"), expressly establishes that any provision of the Labor Code which provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA"), or any of its departments, divisions, commissions, boards agencies or employees for a violation of the California Labor Code, may be recovered through a civil action

brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

35. Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

36. On August 4, 2010, Plaintiff provided written notice, by certified mail, to the LWDA and Defendants, through their counsel, containing facts and theories underlying the specific provisions of the California Labor Code that Plaintiff alleges were and are in violation.

37. By letter dated August 30, 2010, the LWDA notified Plaintiff that it does not intend to investigate the alleged violations. Therefore, Plaintiff may commence a civil action pursuant to section 2699.

38. Plaintiff and the members of the class are "aggrieved employees" as defined by California Labor Code § 2699 in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them.

39. Plaintiff asserts all of his claims in this First Amended Complaint against Defendants on behalf of all aggrieved employees that are also members of the class described above in his capacity as private attorney general, and seeks all statutory penalties available under the California Labor Code.

40. Pursuant to California Labor Code § 2699, Plaintiff, individually, and on behalf of all aggrieved employees that are also members of the class described above, requests and is entitled to recover from Defendants compensation according to proof, interest, attorney's fees and costs pursuant to California Labor Code §§ 218.5 and 1194(a), as well as all statutory penalties against Defendants, including but not limited to:

      a.    Where penalties are not already specified in the applicable provision of the California Labor Code, penalties under California Labor Code § 2699 in the amount of $100 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

      b.    Penalties under California Code of Regulations Title 8, set forth in the applicable Wage Order, in the amount of $50 for each aggrieved employee per pay period for an initial violation, and $100 for each aggrieved employee per pay period for each subsequent violation;

      c.    Penalties under California Labor Code § 210 in addition to, and entirely independent and apart from, any other penalty provided in the California Labor Code, in the amount of $100 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation or any willful or intentional violation, plus 25% of the wages wrongfully withheld; and,

      d.    Any and all additional penalties and sums as provided by the California Labor Code and/or other statutes.

41.    In addition, Plaintiff seeks and is entitled to have 75% of all recovered penalties allocated to the LWDA and 25% to the aggrieved employees.

42.    Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code §§ 2699, 218.5, 1194, 210 and 212 and any other applicable statute.

## FIFTH CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF FLSA
### (Fair Labor Standards Act, 29 U.S.C. Sections 207 *et seq.*)

43.    Plaintiff incorporates paragraphs above 1 through 42 above.

44. At all relevant times, Defendants, jointly and/or severally, have been and/or continue to be an "employer" within the meaning of the FLSA, and Plaintiff and other class members were "employees" within the meaning of the FLSA.

45. Pursuant to Section 7 of the FLSA, 29 U.S.C. § 207, Plaintiff and other class members were or have been entitled to receive overtime compensation at the rate of one and one half times their regular rate of pay for all hours worked in excess of 40 hours a workweek.

46. Defendants failed to pay Plaintiff and other class members for all the overtime wages hours they were entitled to receive under the FLSA. Plaintiff is informed and believes that at all relevant times within the applicable limitations period, Defendants have maintained policies and/or practices which result in class members not being paid all overtime wages owed to them.

47. As a result of Defendants unlawful conduct, Plaintiff and other class members have suffered damages in an amount, subject to proof, to the extent they were not paid overtime wages for all overtimes hours actually worked.

48. Pursuant to 29 U.S.C. § 216(b), Plaintiff and other class members are entitled to recover unpaid overtime wages, prejudgment interest, liquidated damages, reasonable attorney's fees and costs of suit.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the class referred to above, prays for relief and judgment against Defendants and each of them as follows:

1. An order that the action be certified as a class action;

2. An order certifying that Plaintiff may pursue his FLSA claim as a collective action on behalf of other class members under 29 U.S.C. § 216(b);

3.    An order that Plaintiff be appointed representative of the class;

4.    An order that the attorneys of record for Plaintiff be appointed counsel for the class;

5.    Unpaid wages and damages, as well as amounts owed under California Labor Code Section 203;

6.    Restitution of all monies rightfully belonging to Plaintiff and the class that Defendants failed to pay to them and wrongfully retained;

7.    Amounts under Labor Code section 226(e);

8.    Damages for unpaid overtime wages under 29 U.S.C. § 216(b);

9.    Liquidated damages under 29 U.S.C. § 216(b);

10.    Penalties under Labor Code Section 2699;

11.    Pre-judgment interest; and

12.    Such other relief as is required by law and other relief which the Court deems just and proper.

Dated: January 24, 2011    SPIRO MOSS LLP

By _____
Ira Spiro
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury, for plaintiff and all class members, on all matters so triable.

Dated: January 24, 2011    SPIRO MOSS LLP

By _____
Ira Spiro
Attorneys for Plaintiff

Page 13
**FIRST AMENDED COMPLAINT**