Ira Spiro, Esq. (State Bar No. 67641)
ira@spiromoss.com
H. Scott Leviant, Esq. (State Bar No. 200834)
scott@spiromoss.com
Linh Hua, Esq. (State Bar No. 247419)
Linh@spiromoss.com
**SPIRO MOSS LLP**
11377 W. Olympic Blvd., 5th Floor
Los Angeles, California 90064-1683
Telephone:  (310) 235-2468
Facsimile:   (310) 235-2456

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN BLOUIN, individually and on behalf of other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COMCAST CORP. and DOES 1-50,<br>Defendants. | Case No. 3:08-CV-04787-MEJ<br><br>**[PROPOSED] ORDER:**<br><br>1. **CONDITIONALLY CERTIFYING SETTLEMENT CLASS;**<br>2. **PRELIMINARILY APPROVING PROPOSED SETTLEMENT;**<br>3. **APPROVING NOTICE TO CLASS; AND**<br>4. **SETTING HEARING FOR FINAL APPROVAL OF SETTLEMENT** |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

Plaintiff Shawn Blouin ("Plaintiff") and Defendant Comcast Corp. ("Defendant") (collectively as "the Parties") have reached terms of settlement for a putative class action.

1   The Parties have entered into a Stipulation for Preliminary Approval of Class Action Settlement in which the Parties stipulate to the preliminary approval of the settlement as set forth in the Joint Stipulation of Class Action Settlement and Release ("Settlement Agreement") fully executed by the Parties on January 20, 2011 (*see* Stipulation for Preliminary Approval Of Class Action Settlement, at Exh. 1).

The Settlement Agreement between the Parties provides that the Parties stipulate to certification of a Class for settlement purposes only.  The Settlement Agreement is conditioned upon, among other things, the Court's approval.  Capitalized terms in this Order shall have the same meaning as in the Settlement Agreement unless indicated otherwise.

After reviewing the Stipulation for Preliminary Approval of Class Action Settlement, the Settlement Agreement, the proposed Notice of Class Action and Pending Settlement ("Class Notice"), and other related documents, **IT IS HEREBY ORDERED AS FOLLOWS**:

1.   The Court preliminarily finds that the proposed class satisfies the requirements of a settlement class under Rule 23 of the Federal Rules of Civil Procedure.  The requirements of Rule 23(a) are satisfied because the proposed Class is so numerous that joinder of all Class Members is impracticable, there are questions of law or fact common to the Class, the claims of Plaintiff are typical of the claims of the Class; and Plaintiff will fairly and adequately protect the interests of the Class.  The requirements of Rule 23(b) are satisfied because questions of law or fact common to Class Members predominate over any questions affecting only individual Class Members.

2.   The parties' Settlement is granted preliminary approval as it meets the criteria for preliminary settlement approval.  The Settlement falls within the range of possible approval as fair, adequate and reasonable, and appears to be the product of arm's-length and informed negotiations and to treat all Class Members fairly.

3. The parties' proposed notice plan is constitutionally sound because individual notices will be mailed to all Class Members whose identities are known to the parties, and such notice is the best notice practicable. The parties' proposed Class Notice (Settlement Agreement, Exh. A), and proposed Claim Form (*id.*, Exh. B) are sufficient to inform Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to the Settlement, their right to receive a payment under the Settlement or elect not to participate in the Settlement, and the processes for doing so, and the date and location of the final approval hearing and are therefore approved.

4. The following persons are certified as Class Members solely for the purpose of entering a settlement in this matter:

> All individuals employed in the position of Customer Account Executive at Comcast call centers in the State of California at any time between September 17, 2004 through August 1, 2010.

5. Class Members will receive a settlement payment only if they submit a timely and proper Claim Form. In accordance with the Settlement Agreement, a Claim Form must be submitted within 45 days after mailing of the Class Notice by the Claims Administrator.

6. Class Members will be bound by the Settlement unless they submit a timely and valid written request to be excluded from the Settlement within 45 days after mailing of the Class Notice by the Claims Administrator or in accordance with the terms of the Settlement Agreement.

7. Any Class Member who wishes to comment on or object to the Settlement with respect to any terms of the Settlement, including attorneys' fees and costs, shall have 45 days after mailing of the Class Notice by the Settlement Administrator to submit his or her comment or objection.

8. Simpluris, Inc. is appointed to act as the Claims Administrator, pursuant to the terms set forth in the Settlement Agreement.

9. Plaintiff Shawn Blouin is appointed the Class Representative. Ira Spiro, H. Scott Leviant and Linh Hua of Spiro Moss LLP are appointed Class Counsel.

10. Defendant is directed to provide the Class Data to the Claims Administrator not later than 7 days after the date of this Order, in accordance with the Settlement Agreement.

11. The Claims Administrator is directed to mail the approved Class Notice and Claim Form by first-class mail to the Class Members not later than 21 days after receipt of the Class Data in accordance with the Settlement Agreement.

12. A final approval hearing will be held on July 14, 2011 at 10:00 a.m., [_Courtroom B_____, 2011] to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate as to the Class Members. At that time, the Court will hear all evidence and arguments necessary to evaluate the Settlement, and will consider Plaintiff's request for the Class Representative Enhancement Award and Class Counsel's request for an award of Attorney's Fees and Costs. Class Members and their counsel may support or oppose the Settlement and the motion for awards of the Class Representative Enhancement Award and Attorney's Fees and Costs, if they so desire, in accordance with the procedures set forth in the Class Notice.

13. As set forth in the Settlement, any Class Member may appear at the final approval hearing in person or by his or her own attorney, and show cause why the Court should not approve the Settlement, or object to the motion for awards of the Class Representative Enhancement Award and Attorney's Fees and Costs. For any comments or objections to be considered at the hearing, the Class Member must submit a written objection in accordance with the deadlines set forth in the Class Notice.

14. The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

**IT IS SO ORDERED.**

Dated: February 3, 2011



Hon. MARIA-ELENA JAMES
UNITED STATES
MAGISTRATE JUDGE

SPIRO MOSS LLP